**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QINGSHENG CHAI,<br><br>        Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 10-72725<br><br>Agency No. A099-900-159<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 4, 2014
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and KORMAN, Senior District
Judge.[**]

Chai petitions for review of the determinations of the Board of Immigration

Appeals (BIA) that he failed to establish facts qualifying him for asylum and

withholding of removal. We review for substantial evidence and will reverse only

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]        The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

if the record compels a contrary conclusion. *Singh-Kaur v. INS*, 183 F.3d 1147, 1149-50 (9th Cir. 1999).

Assuming past persecution, the record does not compel the conclusion that Chai established a nexus between the harm he suffered and one of the statutorily protected grounds. *See Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001). While Chai confronted Family Planning officials, he did so with the belief and making the accusation that they had taken a bribe. The BIA thus concluded that Chai was then detained and mistreated on account of this accusation, which was the only central reason for the persecution. Chai's own testimony supports this conclusion, as he stated he was warned by the Family Planning officials not to "expose the bribery of the director." Therefore, absent evidence compelling the conclusion that Chai was harmed based on his opposition to China's coercive population control policy, he has not established a nexus to a protected ground.

Chai also did not establish a nexus to a protected ground by exposing government corruption. Chai accused the Family Planning Director of taking a bribe, but there is no evidence in the record that there was actual government corruption and that the harm occurred in retaliation to that exposure. The BIA concluded that the harm which occurred was the result of a purely personal dispute

based on the bribery accusations; the record does not compel a different conclusion. *See Perez-Ramirez v. Holder*, 648 F.3d 953, 957 (9th Cir. 2011).

Substantial evidence also supports the BIA's conclusion that Chai does not have a well-founded fear of future persecution. Chai has not shown any "'credible, direct, and specific evidence'" in the record that would support "a reasonable fear of persecution." *Acewicz v. INS*, 984 F.2d 1056, 1061 (9th Cir. 1993).

Accordingly, because Chai failed to demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground, we deny the petition for review as to his asylum and withholding of removal claims. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482-83 (1992).

**PETITION DENIED.**